## IN THE MATTER OF M. RANDALL PEEK.
### (SUPREME COURT DISCIPLINARY No. 379)
(359 SE2d 677)

PER CURIAM.

The State Bar of Georgia brought disciplinary proceedings against M. Randall Peek, charging him with violations of Standard 65 (commingling of client's and lawyer's funds and failure to account for trust property, including money) and Standard 68 (failure to respond to disciplinary authorities). The charge based on Standard 68 was abandoned. The violations underlying the charge that Peek violated Standard 65 occurred when Peek deposited funds obtained from his client into Peek's personal account. Subsequently, a check which Peek wrote on that account on his client's behalf to a bonding company in order to collateralize a bond was not honored by the bank.

Following discovery, the State Bar moved for summary judgment. The special master denied Peek's motion to dismiss and ruled in favor of the State Bar, finding that there was no genuine issue as to any material fact establishing Peek's violation of Standard 65 in commingling his funds with that of his client. In his report, the special

master stated his opinion that Peek's violation resulted from carelessness and poor business practices rather than fraud and dishonesty, and recommended that Peek be suspended from the practice of law for one year and reprimanded in order to emphasize that the violation involved was serious. The State Disciplinary Board adopted the order and report of the special master and recommended that Peek be suspended from the practice of law for one year for violating Standard 65.

We find no merit to Peek's argument that the State Bar's complaint against him did not allege a commingling of funds as proscribed by Standard 65 and therefore the special master was without authority to grant summary judgment. The evidence, including Peek's admissions of fact, supports the grant of summary judgment. Moreover, the complaint alleges that funds were entrusted to Peek by his client and that Peek issued a check on behalf of the client which was not written on the client's trust account. This meets the requirements of State Bar Rule 4-211 (a) and states a charge of commingling under Standard 65.

It is ordered that Peek be suspended from the practice of law for a period of six months for violating Standard 65 of the Rules of the State Bar of Georgia.

*Suspended for six months. All the Justices concur, except Bell, J., not participating.*

DECIDED SEPTEMBER 9, 1987.

*William P. Smith III, General Counsel State Bar, Joe David Jackson, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Stephen T. Maples,* for Peek.