S95Y1997. IN THE MATTER OF RICHARD H. THOMSON.
(464 SE2d 818)

PER CURIAM.

Richard H. Thomson admits he violated Standards 63 (failure to maintain records of client funds) and 65 (A) and (D) (failure to keep client funds separate) of Bar Rule 4-102 (d). The review panel recommended a six-month suspension. The issue in this disciplinary case is whether during his suspension, Thomson should be subject to Standard 73, which prohibits a lawyer from allowing a suspended or disbarred attorney in his employ to have substantial client contact. Because Thomson knew or should have known he was dealing improperly with client funds, we impose a six-month suspension and refuse to exempt Thomson from Standard 73.

The record reflects that while Thomson was representing clients in a Chapter 11 bankruptcy proceeding, he held funds in escrow that were to be used to pay his clients' monthly mortgage payments. Thomson was late in paying the October 1992 mortgage payment; he withdrew funds from the escrow account for improper purposes on at least two occasions; when the escrow account contained insufficient funds to cover the November and December mortgage payments, he attempted to pay them from his operating account, but this check was also returned on two occasions for insufficient funds. Finally, in Janu-

ary 1993, he paid the mortgage payments for November, December, and January from his escrow account. In February, after Thomson advised the mortgage holder, the U. S. Trustee's Office, and his clients that he had impaired the funds in his escrow account and that the account was still impaired, the bankruptcy court ordered him to deposit $15,215.86 back into the account, which Thomson did after obtaining loans from friends.

1. The review panel's recommendation of suspension was appropriate because Thomson knew or should have known that he was dealing improperly with his client's property and caused potential injury to his client. See ABA Standard 4.12. In recommending a six-month suspension, the review panel considered the following factors in mitigation: Thomson had no prior disciplinary offenses; he cooperated during the disciplinary process; he did not attempt to conceal his conduct, but notified all those concerned that his escrow account was impaired; and he entered an individual law practice without a complete understanding or training in the demands of operating a law practice and managing its business aspects. See ABA Standards 9.32 (a), (e), and (f).[1] We agree that six months is appropriate in view of these mitigating factors. We also agree with the review panel's recommendation that Thomson not be reinstated until he has consulted with the Law Practice Management Program of the State Bar concerning law office management.

2. Thomson requests that he be exempted from Standard 73. He states that he works in a high volume consumer bankruptcy practice under the supervision of other lawyers; he screens new business calls and trains and monitors younger lawyers and paralegals; and Standard 73 will prevent him from performing any of the duties because they all involve client contact. In the alternative, he requests a 30-day suspension.

If Thomson is granted an exception, this will effectively eviscerate Standard 73. Thomson's proposed professional activities — initial phone contact with potential clients and supervising young lawyers' client contacts — are inappropriate for a lawyer under suspension for any violation because of the difficulty in preventing the unauthorized practice of law in that setting by the suspended lawyer. Although Thomson claims he will be unemployable in the bankruptcy area during his suspension, we do not read Standard 73 so broadly. Thomson may still conduct legal research and draft memoranda or correspondence for the lawyers in the firm.

---

[1] The review panel also considered as mitigating Thomson's restitution of the clients' funds. We, however, do not consider this as mitigating because Thomson made restitution only after the bankruptcy court ordered him to do so. See ABA Standard 9.4 (a) (forced or compelled restitution is considered neither aggravating nor mitigating).

Additionally, we reject a 30-day suspension. A six-month suspension is generally the minimum time necessary to protect clients and to ensure rehabilitation and compliance with the requirements for reinstatement. See Commentary to ABA Standard 2.3.

After reviewing the record, we hereby order Thomson suspended from the practice of law in the State of Georgia for a period of six months. He may not be reinstated until he obtains the certification from the Law Practice Management Program recommended by the review panel and pays all costs associated with the consultation. Thomson is also ordered to protect the interests of his clients as well as to comply fully with all the requirements of Bar Rule 4-219 (c) (1) and (2).

*Suspended. All the Justices concur.*

DECIDED JANUARY 8, 1996.

*William P. Smith III, General Counsel State Bar, Kathryn B. Singer, Assistant General Counsel State Bar, for State Bar of Georgia.*

*Kirwan, Parks, Chesin & Remar, Robert B. Remar, for Thomson.*