S97Y1667. IN THE MATTER OF RUTH A. ZALEON.

(494 SE2d 669)

PER CURIAM.

It appears that Ruth A. Zaleon waived her right to file a Notice of Rejection of the State Bar's Notice of Discipline and consented to the Investigative Panel's recommendation of a public reprimand for her violation of Standard 65 (A) of Bar Rule 4-102 (d). This Court concludes, however, that a public reprimand is an inadequate sanction. See, e.g., *In the Matter of Thomson,* 266 Ga. 157, 158 (1) (464 SE2d 818) (1996); *In the Matter of Peek,* 257 Ga. 349, 350 (359 SE2d 677) (1987); *In the Matter of Antinoro,* 253 Ga. 296 (319 SE2d 460) (1984). Accordingly, it is hereby ordered that this disciplinary action be remanded to the Investigative Panel for further action. Rule 4-208.1 (b) (3); *In the Matter of Yarbrough,* 264 Ga. 720, 721 (450 SE2d 414) (1994).

*Remanded. All the Justices concur, except Fletcher, P. J., and Sears, J., who dissent.*

FLETCHER, Presiding Justice, dissenting.

After reviewing the record and giving due consideration to the recommendations of the Investigative Panel and Bar Counsel, I conclude that the court should accept the Investigative Panel's recommendation for discipline in this matter. Considering the facts of this case, including the mitigating circumstances considered by the Investigative Panel, public reprimand and the requirement of restitution are adequate and reasonable sanctions in this case.

As a matter of procedure on remand, I note that Zaleon must be allowed to withdraw her consent to discipline, file a notice of rejection, and proceed with an evidentiary hearing before a special master. Due process requires that when the court seeks greater discipline than the Investigative Panel, the respondent must be afforded the right to reject the notice of discipline.

I am authorized to state that Justice Sears joins in this dissent.

SEARS, Justice, dissenting.

I agree with Presiding Justice Fletcher's dissent, but write separately to express my concern with the majority's approach in this case. Any time a lawyer undertakes to bill or charge for a service to a client or a third party, the attorney is acting in a fiduciary capacity to

deal fairly with and to safeguard the client's or third parties' money.[1] In the present case, Ruth Zaleon and her firm billed for recording fees in real estate closings in an amount greater than the actual fee. Ostensibly, she and her firm did so to cover unforseen rerecording and other costs for which her firm later had to pay. In essence, then, the firm was charging for business expenses related to the recordings. The ABA Comm. on Ethics and Professional Responsibility, Formal Op. 379 (1993), states that an attorney is obligated to charge no more than the direct cost associated with a service plus a reasonable allocation of overhead expenses. In this case, there is a legitimate question regarding whether the excess charges would constitute a reasonable allocation of overhead expenses. For this reason, as well as those given by Presiding Justice Fletcher, I decline to join the majority's conclusion that the Investigative Panel's recommendation of a public reprimand is an inadequate sanction.[2]

Further, the majority's conclusion has far-reaching implications. As has been stated, it is not unusual for law firms to charge its clients more than the firm's costs for postage, copying, and Lexis and Westlaw services, to name but a few examples.[3] Under the majority's reasoning, firms that engage in such practices run the risk of facing severe disciplinary sanctions.

Although I believe lawyers should exercise restraint in passing overhead costs to clients and third parties, and should be careful to disclose those costs, for the reasons set forth above, I conclude that the Investigative Panel's recommendation of a public reprimand is an appropriate level of discipline in this case. I therefore dissent.

DECIDED JANUARY 26, 1998.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar,* for State Bar of Georgia.

---

[1] See ABA Comm. on Ethics and Professional Responsibility, Informal Op. 86-1521, p. 3 (1986). See also *AFLAC, Inc. v. Williams,* 264 Ga. 351, 353 (444 SE2d 314) (1994) (there is a "special fiduciary relationship created when an attorney represents a client").

[2] I note, however, that it does not appear that Zaleon disclosed the extra recording expenses, a significant oversight on her behalf.

[3] Richmond, *Professional Responsibility and the Bottom Line: The Ethics of Billing,* 20 S. Ill. U. L. J. 261, 270-271 (1996).