S98Y1263. IN THE MATTER OF RUTH A. ZALEON.
(504 SE2d 702)

PER CURIAM.

This disciplinary case concerns the appropriate sanction for an admitted violation of ethical standards, whereby respondent Ruth A. Zaleon, acting as settlement agent in real estate closings, collected amounts more than necessary for recording fees pertaining to each individual closing, and applied overages to unrelated matters, rather than refunding those amounts to the client who had paid them. Ear-

lier this year we concluded a public reprimand was an inadequate sanction and remanded this case to the Investigative Panel.[1] We agree with that Panel's subsequent recommendation and impose a six-month suspension for Zaleon's violation of Standard 65 (A) of Bar Rule 4-102 (d) (commingling client funds with those of the attorney, and failure to account for trust property held in a fiduciary capacity), and order that restitution be made within nine months of this opinion.

Ruth A. Zaleon is in default pursuant to Bar Rule 4-208.1 (b) for her failure to reject the State Bar's Notice of Discipline. The facts are as follows. Zaleon is an attorney with Weissman, Nowack, Curry & Zaleon, P.C., and concentrates her practice in high-volume residential real estate closing law. She and her firm often act as settlement agent for closings whereby the firm acts as counsel for lenders providing loans secured by residential real estate. For each residential real estate closing Zaleon and her firm prepare settlement statements prescribed by federal law and known as the "HUD-1 Settlement Statement." Section 1200 of the HUD-1 Settlement Statement requires the settlement agent to itemize charges for recording instruments on real property records necessary to perfect the lender's security in the real property, which is the collateral for the loan. When Zaleon closed a loan, she deposited the loan proceeds in the firm's escrow account and disbursed the amount charged for recording costs into "recording accounts." The firm maintained recording accounts to pay clerks of court to record documents necessary to perfect the lender's security interest in its loan, and Zaleon and the firm held funds in that account in a fiduciary capacity.

In the particular matter resulting in the underlying grievance in this case, Zaleon directed an associate in the firm to close a purchase money real estate loan from a mortgage company to the buyers secured by residential real property sold to the buyers by the seller. At the closing the seller asked if the recording fees reflected in the HUD-1 Settlement Statement were accurate and Zaleon's associate responded that the amount correctly reflected the firm's charge for recording fees. Zaleon disbursed funds from the firm's recording account to the clerk of court to pay for the recording costs associated with the closing, but those recording costs were less than the amount collected by Zaleon and the firm. Zaleon did not account to the seller for the funds collected for recording charges, nor did Zaleon refund to the seller the amount he paid in excess of the actual recording costs. When the seller, through his lawyer, requested a refund of the funds in excess of the actual recording costs, Zaleon refused the request,

---

[1] *In the Matter of Zaleon*, 268 Ga. 900 (494 SE2d 669) (1998).

and, thereafter, transferred money from the firm's recording account into the firm's operating account.

In most instances, in residential real estate closings Zaleon handled, the amounts Zaleon charged and collected for recording fees exceeded the actual cost of recording the documents. Zaleon did not account to the persons from whom she had collected the fees, nor did she refund any amount to the persons who paid her or her firm more than was actually disbursed for recording fees. Zaleon used the excess amounts held in the recording accounts to pay for re-recording documents associated with closings when corrections were needed, and for recording documents related to a lender's sale of a mortgage on a secondary market. On several occasions Zaleon used money maintained in the recording accounts to pay for business expenses totally unrelated to recording documents with clerks of court. Zaleon periodically disbursed funds from the firm's recording accounts, including overages, into its operating accounts during 1994 and 1995.[2]

As did the Investigative Panel, we note the aggravating factors in determining the appropriate discipline, including the respondent's substantial experience in the practice of law, and that her misconduct involves mishandling funds held in a fiduciary capacity, for which disbarment or suspension are generally the appropriate sanction. See Standards 9.22; 4.0-4.2, ABA Standards for Imposing Lawyer Sanctions (1991). Likewise, we note the mitigating factors in this case including respondent's absence of a prior disciplinary record; full and free disclosure to the disciplinary authorities; her good reputation; and her remorse. ABA Standard 9.32 (a), (e), (g), (l).

Accordingly, Zaleon is hereby suspended from the practice of law in this state for six months. She is ordered to make restitution to affected clients within nine months of this opinion, to protect the interests of her clients, and to comply fully with the requirements of Bar Rule 4-219 (c) (1) and (2).

*Suspended. All the Justices concur, except Fletcher, P. J., and Sears, J., who dissent.*

SEARS, Justice, dissenting.

For the reasons given in my dissenting opinion in the previous appearance of this case before this Court,[3] I believe that a public reprimand and restitution are appropriate sanctions for the respondent's conduct.[4] Accordingly, I respectfully dissent to the majority's

---

[2] The record in the prior case reflects that the law firm now collects recording fees in each case only for the actual amounts disbursed for recording fees in that case.

[3] *In re Ruth A. Zaleon*, 268 Ga. 900, 901 (494 SE2d 669) (1998).

[4] I also note that, under State Bar Rule 4-208 (b), Zaleon's failure to reject the notice of

decision to impose a six-month suspension.

I am authorized to state that Presiding Justice Fletcher joins in this dissent.

DECIDED SEPTEMBER 21, 1998.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar,* for State Bar of Georgia.

---

discipline does not bind this Court to the discipline recommended in the notice of discipline. Although subsection (b) provides that the failure to reject a notice of discipline places the respondent in default, it also places the ultimate decision regarding the appropriate discipline in this Court, providing that "the respondent shall be subject to such discipline and further proceedings as may be determined by the Supreme Court."