S12Y0731. IN THE MATTER OF MARCEA O'BRIEN-CARRIMAN.
(727 SE2d 93)

PER CURIAM.

This Court previously rejected the petition for voluntary discipline filed by Marcea O'Brien-Carriman (State Bar No. 141878) in which she sought a three-month suspension for disciplinary violations arising out of her sharing fees with a nonlawyer and her making false statements in submissions made to the State Bar in connection with its investigation. *In the Matter of O'Brien-Carriman*, 288 Ga. 239 (702 SE2d 635) (2010).

Our earlier opinion summarized the facts admitted by the voluntary petition and explained our rejection of the petition:

> [W]ithin months after being admitted to the Bar, the respondent began a business relationship with a nonlawyer and agreed to compensate that individual by paying her a percentage of the fees earned in the cases upon which the individual worked. Less than a year later, that relationship ended when the respondent became concerned that the individual was engaging in the unauthorized practice of law. As a result of the investigation into the nonlawyer, the Office of General Counsel ("OGC") made inquiries of the respondent as to the manner in which she compensated the nonlawyer. The respondent made false statements in two of her submissions to the OGC before finally admitting that she agreed to split fees. Thus, we agree that the respondent violated Rules 5.3 (b), 5.4 (a) and 8.1 (a).

Making false statements to the Bar during the disciplinary process is a very serious matter which typically results in, at least, a significant suspension from the practice of law, see *In the Matter of Favors*, 283 Ga. 588 (662 SE2d 119) (2008) (imposing a three-year suspension, where Favors used settlement funds for her own personal benefit; overdrew her attorney trust account; and submitted false information and fabricated documents to the Bar during its investigation of her actions); *In the Matter of Shehane*, 276 Ga. 168 (575 SE2d 503) (2003) (disbarring lawyer who essentially abandoned a client to the client's detriment; made misrepresentations to the client about the status of his case; and made false representations and submitted fabricated documents to the Bar in the investigation of the client's subsequent grievance). There are some mitigating factors. Once the respondent admitted her behavior, she was "very forthright and very apologetic" about the arrangement and her earlier false statements and cooperated fully in these disciplinary proceedings. The respondent has no prior disciplinary history; she had no mentor to guide her in starting her solo practice; the record does not reflect that any specific harm came to any client as a result of the respondent's actions; the respondent was suffering from a physical ailment and significant stress associated with the failure of her solo practice; and she is deeply remorseful for her behavior. Given the serious nature of the rules violated and O'Brien-Carriman's dishonesty which hindered the Bar's inquiry, a three-month suspension is an insufficient level of discipline despite the mitigating factors involved.

*O'Brien-Carriman*, supra at 239-240.

Upon remand, the special master reconsidered the petition in light of this Court's opinion, subsequent arguments presented by the parties, and the respondent's acknowledgment that a 12- to 18-month suspension would be appropriate.

The special master again found that the admitted facts showed that the respondent had violated Rules 5.3 (b), 5.4 (a), and 8.1 (a) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). A violation of each of these Rules is punishable by disbarment. In recommending sanctions, the special master considered that the facts of *Favors* and *Shehane* were far more egregious than the respondent's misconduct, in that both involved harm to clients and fabrication of evidence.

As aggravating factors, the special master considered that the respondent initially made dishonest responses to the State Bar and had received an Investigative Panel reprimand in 2010. That reprimand arose after the respondent terminated her representation of a client, but the client did not receive the termination letter. Once she learned of that fact, she agreed to file a federal lawsuit on his behalf, but because of her neglect in serving the lawsuit, the case was dismissed.

As mitigating factors, the special master noted the respondent's absence of a prior disciplinary record, her inexperience in the practice of law, her lack of a mentor to guide her in her solo practice, stress and anxiety brought about by a heart condition that necessitated several medical procedures, and the exacerbation of that stress by the failure of her solo practice. He further found that the respondent did not act with an ill or selfish motive and that no harm came to any clients as the result of her splitting fees with the nonlawyer. Finally, the special master considered that the respondent admitted her guilt, has shown genuine remorse, and does not appear to be at risk for similar violations. Considering all of the above, the special master recommended a suspension of 18 months.

After a careful review of the record, the Court concludes that acceptance of the petition for voluntary discipline is appropriate and that a suspension of 18 months is the proper sanction. Therefore, it is hereby ordered that Marcea O'Brien-Carriman is suspended from the practice of law in this State for a period of 18 months, effective as of the date of this opinion. The respondent is reminded of her duties pursuant to Bar Rule 4-219 (c).

*Petition for voluntary discipline accepted. Eighteen-month suspension. All the Justices concur.*

DECIDED APRIL 24, 2012.

*Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.