FINAL COPY
295 Ga. 456

S14Y0812, S14Y0813, S14Y0814.  IN THE MATTER OF L. NICOLE HAMILTON (three cases).

PER CURIAM.

These disciplinary matters are before the Court on the report and recommendation of special master Daniel B. Snipes who recommends that this Court accept Respondent L. Nicole Hamilton's (State Bar No. 320909) petition for voluntary discipline, as amended, and impose as discipline in these three cases a public reprimand with conditions for her admitted violations of Rules 1.3, 1.4, 1.16 (d), 5.5 (a), and 9.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d), even though the maximum sanction for a violation of Rules 1.3 and 5.5 (a) is disbarment.  The State Bar did not object to Hamilton's petition and neither party sought review by the Review Panel.

The special master found, based on the admissions made in Hamilton's consolidated petition for voluntary discipline, that Hamilton (who apparently was formerly known as Nicole King, and who is now known as Nicole Brantley) has been a member of the State Bar since 2002.  With regard to the first matter,

Hamilton admittedly failed to appear at a sentencing hearing in the United States District Court for the Southern District of Georgia, failed to communicate with her client, and failed to promptly respond to the Notice of Investigation, thereby violating Rules 1.3, 1.4, 1.16 (d) and 9.3. With regard to the second matter, Hamilton violated Rule 9.3 by failing to promptly respond to a Notice of Investigation issued with regard to an underlying complaint that involved poor communication between Hamilton and the client. Finally, in the third case, Hamilton continued to practice law after receiving an administrative suspension for not paying bar dues and failed to communicate with clients concerning pending court appearances, thereby violating Rules 1.4 and 5.5 (a). In addition, Hamilton admitted that she has a prior disciplinary history consisting of (1) an Investigative Panel reprimand issued on September 15, 2006, (2) two formal letters of admonition issued on separate disciplinary matters on November 9, 2010, and (3) another Investigative Panel Reprimand issued on December 10, 2010. Each of these prior disciplinary matters involves, in large part, Hamilton's failure to adequately communicate with her clients.

At an evidentiary hearing on mitigation issues, Hamilton testified under oath concerning the circumstances surrounding and giving rise to the admitted

violations. The special master credited Hamilton's candid and forthright testimony concerning how adversity in her personal life had negatively affected her professional responsibilities. He noted that Hamilton accepted responsibility for the Rule violations and has taken corrective steps to prevent future violations by implementing a better internal calendar system within her office and engaging in a professional relationship with a more experienced attorney who can act as a mentor and resource. The special master noted that both the current cases and prior unrelated cases involved conduct that occurred between 2006 and 2010 and found that they all involved a lack of understanding of the responsibility of an attorney to communicate with her client and the courts and a lack of understanding as to when the "attorney client relationship" is created and terminated. In all instances, the special master found that the poor communication was exacerbated by either Hamilton's health issues or other personal adversity.

Accordingly, the special master found in mitigation that Hamilton accepted responsibility for the violations and expressed genuine remorse about them, that she has taken actions to prevent future violations, and that her violations were the result of negligence rather than wilful intent. He, therefore,

3

recommended that the Court accept Hamilton's petition for voluntary discipline, as amended, and impose on her a public reprimand with the additional conditions that Hamilton be required to participate in the State Bar of Georgia's Law Practice Management Program by having a management consultation, that she agree to follow any and all recommendations of the report issued after the consultation, that she agree to waive confidentiality of the report and any recommendations, that she also be required to participate in the State Bar of Georgia's Lawyers Assistance Program by completing an evaluation, that she agree to follow any and all recommendations from the evaluation, and that she agree to a limited waiver of confidentiality to ensure completion of the program. Neither party requested review by the Review Panel, and so both have waived the right to file exceptions with this Court.

After thorough review of the record in this case, we disagree with the special master that a public reprimand with conditions is an appropriate level of discipline for Hamilton's violations. Indeed, despite the existence of the mitigating factors found by the special master, we find that Hamilton's past disciplinary history; her pattern of poor communication with clients; and her sheer volume of Rule violations for poor communication with clients even after

4

having faced discipline for similar problems in the past, remain significant aggravating factors. In light of the record as a whole, we reject Hamilton's petition for voluntary discipline.

Petition for voluntary discipline rejected.  All the Justices concur.

Decided June 30, 2014.

Petition for voluntary discipline.

Savage & Turner, Brent J. Savage, for Hamilton.

Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar, for State Bar of Georgia.

5