S16Y1235, S16Y1236, S16Y1237, S16Y1238, S16Y1239. IN THE MATTER OF L. NICOLE BRANTLEY (five cases).
(791 SE2d 783)

PER CURIAM.
These disciplinary matters are before the Court on the report and recommendation of special master Daniel B. Snipes who recommends

---

imposing a 180-day suspension, with conditions, on respondent L. Nicole Brantley[1] ("Brantley") (State Bar No. 320909) as discipline for her actions in five separate disciplinary matters. Three of these matters have already been before the Court with this Court rejecting a petition for voluntary discipline seeking a public reprimand and remanding the case for further proceedings, see *In the Matter of Hamilton*, 295 Ga. 456 (761 SE2d 79) (2014). After remand, the special master held another hearing and took evidence on the two new disciplinary matters before issuing his new report and recommendation. This Court agrees that a 180-day suspension is a sufficient sanction for Brantley's transgressions given the mitigating factors present in this particular case.

In S16Y1235 (State Disciplinary Board ("SDB") Docket No. 5984), Brantley admitted to engaging in conduct that violated Rules 1.3, 1.4, 1.16 (d) and 9.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). This case involved Brantley's failure to appear at a sentencing hearing in federal court, her failure to communicate with her client, and her failure to promptly respond to the Notice of Investigation. In S16Y1236 (SDB Docket No. 5985), Brantley admitted to violating Rule 9.3 of the Georgia Rules of Professional Conduct. This case involved her failure to promptly respond to a Notice of Investigation while the initial complaint involved poor communication between Brantley and the client. In S16Y1237 (SDB Docket No. 6019), Brantley admitted to violating Rules 1.4 and 5.5 (a) of the Georgia Rules of Professional Conduct. This case involved Brantley continuing to practice law after receiving an administrative suspension for not paying bar dues, and not communicating with clients concerning pending court appearances.

In S16Y1238 (SDB Docket No. 6156), Brantley admitted violations of Rules 1.3, 1.5 (c) (1), and 8.1 (a) of the Georgia Rules of Professional Conduct. This case involved the failure to promptly return a signed release to an insurance company following resolution of an automobile injury claim, failure to have a contingency fee agreement in writing, and failure to respond accurately to inquiries by the Office of General Counsel about the status of the release and nature of the contingency fee agreement. The conduct at issue occurred between November 2010 and October 2011. Finally, in S16Y1239 (SDB Docket No. 6157), Brantley admitted violations of Rules 1.3, 1.4, 1.16 (d) and 9.3 of the Georgia Rules of Professional Conduct. This case involved Brantley accepting a $1,000 retainer to perform work on a probate matter, Brantley's failure to perform the

---

[1] Brantley was formerly known as L. Nicole Hamilton and Nicole King.

work, Brantley's failure to communicate with the client, and Brantley's failure to return the retainer. After acknowledging service of the Notice of Investigation from the Investigative Panel, Brantley never filed an answer to the Notice. The conduct at issue in this case occurred between December 2010 and the end of calendar year 2011. Brantley has since refunded the entire retainer to the client.

The record shows that Brantley's disciplinary history includes an Investigative Panel reprimand issued in September 2006, two formal letters of admonition issued in November 2010, an Investigative Panel Reprimand issued in December 2010, and another formal letter of admonition in April 2014. With the exception of the 2014 matter, all of the prior disciplinary cases involved primarily Brantley's failure to adequately communicate with her clients and most arose out of conduct occurring between 2008 and 2010. The 2014 matter arose from trust account violations which did not result in any loss of client funds.

In the three hearings held in connection with these matters, Brantley testified about her separation from her husband in June 2009 and the resulting July 2010 divorce, which she found particularly difficult and which affected her mentally and physically for an extended period of time. She contends that the divorce caused a subsequent bout of depression which rendered her almost incapable of functioning. She spoke of the need to retain her earning ability to provide for her young son and her elderly grandmother, and she spoke of her background, testifying to a very difficult family situation through which she persevered to succeed in sports and school. She spoke of various automobile accidents which have caused significant injuries and lingering physical issues, and she testified about the support she gives and receives from her church, where she is pursuing ordination and where she volunteers her time to mentor youth. Brantley fully and unconditionally accepted responsibility for all of her actions in the various disciplinary matters. She explained various changes she has made to address her professional shortcomings, including taking fewer cases, changing the nature of her practice, working with new and better mentors to help her more fully understand how to run a law practice, and more thoroughly documenting her interactions with clients, opposing counsel and the courts. Brantley testified that she believes she does valuable work for her clients and the community and that she undertakes many of her cases for less than market value as an effort to help those in her community. She asserts that she has had no client-based grievances arising out of her work since 2011, and the State Bar has not disputed that assertion.

We have thoroughly reviewed the record in this case and we agree with the special master that Brantley has violated Rules 1.3, 1.4, 1.5 (c) (1), 1.16 (d), 5.5 (a), 8.1 (a), and 9.3. Although these violations are very serious and the maximum sanction for a single violation of Rule 1.3, 5.5, or 8.1 is disbarment, we agree that the record reveals various, significant factors in mitigation, including that most of Brantley's violations involve improper or incomplete communication with her clients, that none of her actions appears to have caused her clients lasting harm, that all of her violations seem to be the result of negligence as opposed to wilful behavior, and most arose at a time of great emotional stress and/or physical impairment. We further agree that Brantley has expressed genuine remorse for her behavior, that she has provided service to her community, both as an attorney and as a volunteer, and that she has taken significant steps to improve herself and her practice, resulting in no known client-based grievances since 2011. Nevertheless, the sheer number of Brantley's violations evidence a pattern of activity between 2006 and 2011 that was inconsistent with the fiduciary obligation an attorney owes a client. Accordingly, a reprimand is insufficient to address the behavior encompassed in these disciplinary matters.

Accordingly, we hereby accept the special master's recommendation and order that Brantley be suspended from the practice of law for 180 days from the date of this opinion and that her reinstatement be conditioned on her participation in the State Bar of Georgia's Law Practice Management Program by having a management consultation; her agreement to follow any and all recommendations of the report issued after the consultation; her agreement to waive confidentiality of the report and any recommendations; her participation in the State Bar of Georgia's Lawyers Assistance Program by completing an evaluation; her agreement to follow any and all recommendations from that evaluation; and her agreement to a limited waiver of confidentiality to ensure completion of the program. Any of these actions which have been taken by Brantley subsequent to August 11, 2013 shall be credited toward completion of these conditions. When Brantley believes that the conditions of her reinstatement have been met, she shall demonstrate compliance in a petition for reinstatement submitted to the Review Panel which will then issue a report and recommendation to this Court. Brantley shall not undertake the practice of law until this Court issues an opinion granting or denying her petition for reinstatement, see *In the Matter of Fair*, 292 Ga. 308 (736 SE2d 430) (2013). Brantley is reminded of her duties under Bar Rule 4-219 (c).

*Petition for voluntary discipline accepted. One hundred and eighty day suspension with conditions. All the Justices concur.*

DECIDED OCTOBER 3, 2016.

*Savage Turner & Pinckney, Brent J. Savage*, for Brantley.

*Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.