S16Y1235, S16Y1236, S16Y1237, S16Y1238, S16Y1239. IN THE MATTER OF L. NICOLE BRANTLEY (five cases).

(802 SE2d 252)

PER CURIAM.

The Court having reviewed the Notice of Compliance with Conditions submitted by the Office of the General Counsel of the State Bar of Georgia, and it appearing that L. Nicole Brantley has complied with all of the conditions for reinstatement following suspension by this Court, see *In the Matter of L. Nicole Brantley*, 299 Ga. 732 (791 SE2d 783) (2016), it is hereby ordered that L. Nicole Brantley, be reinstated to the practice of law in the State of Georgia.

*Reinstated. All the Justices concur.*

DECIDED JUNE 30, 2017.

*Paula J. Frederick General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.

S17A0076. CLAYTON COUNTY v. CITY OF COLLEGE PARK et al.

(803 SE2d 63)

BOGGS, Justice.

In this case involving the taxation of alcoholic beverages at Hartsfield-Jackson Atlanta International Airport (the "Airport"), Clayton County appeals from the trial court's order denying its motion for judgment on the pleadings and granting the motion for partial summary judgment filed by the City of College Park. In seeking a judgment on the pleadings, Clayton County asserted, among other things, that the City of College Park's claims were barred by sovereign immunity. For the following reasons, we vacate the judgment and remand this case for further consideration of that issue.

The Airport, which is owned and operated by the City of Atlanta, is located primarily within Clayton County (the "County"). Of the many businesses located within the Airport, some are located in the unincorporated sections of the County while other businesses are located in the County within the incorporated limits of the City of College Park (the "City"). In its complaint, the City asserts that since the 1983 enactment of OCGA § 3-8-1 (regulation and taxation of alcoholic beverages at public airports), it has not been receiving the