311 Ga. 61
FINAL COPY

S21Y0339. IN THE MATTER OF L. NICOLE BRANTLEY.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of Special Master Quentin Marlin recommending that the Court accept the petition for voluntary discipline filed by L. Nicole Brantley (State Bar No. 320909) and impose a Review Board reprimand for Brantley's failure to return unearned fees after being discharged by a client, who then obtained a fee arbitration award that Brantley failed to pay in a timely manner.[1]

Brantley was admitted to the Bar in 2002 and, as detailed below, has a lengthy history of disciplinary sanctions. The record here shows that Brantley was retained to represent a client in a criminal matter and paid $6,000 in advance, but after the client

---

[1] This Court issued an order on January 12, 2018, comprehensively amending Part IV of the Rules and Regulations for the Organization and Government of the State Bar of Georgia. The former rules govern this matter because it was commenced prior to July 1, 2018, but because the Review Panel has been renamed the State Disciplinary Review Board, this opinion refers only to the Review Board.

discharged Brantley, Brantley failed to refund the balance of unearned fees. The client filed a petition for fee arbitration with the State Bar of Georgia, but after the arbitration panel issued a $4,000 award in the client's favor, Brantley failed to pay the award. In July 2015, the client filed a grievance with the State Bar, and in April 2016, the State Bar filed a Formal Complaint.

In its complaint, the State Bar recited the following chronology. After being retained in October 2013, Brantley was discharged by the client, who was dissatisfied with Brantley's lack of communication and failure to follow his instructions in handling his case. Brantley, however, never submitted a written request to withdraw, in violation of Uniform Superior Court Rule 4.3, and failed to appear at a February 2014 hearing in the case. In April 2014, after Brantley had failed to return the unearned portion of her retainer, the client filed a fee arbitration petition, seeking a refund of $4,000. Brantley submitted an answer, in which she agreed to be bound by the fee arbitration award, but thereafter failed to appear at the fee arbitration hearing. In March 2015, written notification

2

of the fee award was sent to Brantley, with direction that the award be paid within 90 days. After the 90-day period elapsed, the client filed his grievance. Though Brantley attested, in her sworn response to the Notice of Investigation, that she had never received notice of the fee arbitration hearing or award, none of the written communications from the fee arbitration office, which were sent to her at the return address she had listed in responding to the fee arbitration petition, had ever been returned as undeliverable.

In the Formal Complaint, the Bar charged only a violation of Rule 1.16 (d) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). Rule 1.16 (d) addresses a lawyer's obligations upon the termination of a representation; requires, in relevant part, that a lawyer refund any advance fee payment that has not been earned; and sets a maximum sanction for a violation as a public reprimand. The complaint, however, also noted that Brantley had been subject to discipline on multiple prior occasions and that, accordingly, she could be subject to suspension or disbarment. See

Bar Rule 4-103 (third or subsequent infraction "shall, in and of itself, constitute discretionary grounds for suspension or disbarment").

In her unsworn answer to the Formal Complaint, filed in June 2016, Brantley denied that she was terminated by the client; denied that she had failed to refund unearned fees; and claimed that she had "never received any notice of any [fee] award until this proceeding." However, in August 2016, Brantley filed her petition for voluntary discipline, admitting, unconditionally, that she had been discharged by the client, had failed to refund the client's unearned fees, and, though she had agreed to be bound by the fee arbitration panel's decision, had not paid the fee arbitration award. Brantley made no representations as to whether she had received notice from the fee arbitration office regarding the hearing or the subsequent fee award. She offered, as mitigation, to pay the $4,000 fee arbitration award in monthly installments of $500.

In its response, the State Bar stated its position that the interests of the public and Bar would be best served by acceptance of the petition, but only after Brantley submitted proof that she had

4

refunded the full $4,000 fee award. After Brantley submitted proof to the State Bar that she had completed the installment payments, the Special Master issued his report and recommendation.[2]

The Special Master determined that Brantley's conduct violated Rule 1.16 (d); that, while Brantley had repaid the fee award, she had not done so in a timely manner, as she should have completed the payments in March 2017; and that she had been sanctioned in 11 prior disciplinary cases. Specifically, the Special Master noted that Brantley had received an Investigative Panel reprimand in 2006; two Formal Letters of Admonition in 2010; another Investigative Panel reprimand in 2010; a third Formal Letter of Admonition in 2014; and, in 2016, a 180-day suspension. See *In the Matter of Brantley*, 299 Ga. 732 (791 SE2d 783) (2016)

---

[2] On July 22, 2020, this Court entered an order appointing Marlin as Special Master; the order also vacated the 2016 order that had appointed a prior Special Master. Marlin issued his report on September 20, 2020. His thorough and helpful report reflects that Brantley submitted her proof of final payment to the State Bar in July 2017. The record does not reflect why the State Bar allowed the matter to sit idle for three years.

("*Brantley I*").[3] The Special Master then considered various aggravating and mitigating factors as set forth in the ABA Standards for Imposing Lawyer Sanctions. See *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996). While opining that Brantley's "disciplinary history suggests a more serious consequence," the Special Master noted that the maximum penalty under Rule 1.16 is a public reprimand. Further noting that Brantley's misconduct, the fee arbitration, and the client grievance all occurred while Brantley was litigating the matters giving rise to her 2016 suspension, the Special Master concluded that Brantley's request for a Review Board reprimand should be accepted.

While we are mindful that the maximum sanction for a violation of Rule 1.16 is a public reprimand, we are unable to view Brantley's conduct here apart from the larger context in which this violation was committed and the apparent initial lack of candor Brantley has displayed in this proceeding. With regard to the

---

[3] Brantley was reinstated in 2017. See *In the Matter of Brantley*, 301 Ga. 653 (802 SE2d 252) (2017).

context, we note, as the Special Master did, that in 2016 this Court suspended Brantley for 180 days based on professional misconduct occurring in five matters. As set forth in *Brantley I*, that misconduct involved Brantley's neglect of client matters; her failure to respond to disciplinary authorities; and her continued practice of law while under administrative suspension for failure to pay her bar dues. See 299 Ga. at 733-734. The matters for which Brantley had been previously disciplined, we noted, primarily involved her failure to adequately communicate with her clients, as well as trust account violations that did not result in any loss of client funds. See id. at 734. In *Brantley I*, we expressed concern with the seriousness of Brantley's misconduct but were persuaded that the significant mitigating factors compelled leniency:

> Although these violations are very serious and the maximum sanction for a single violation of Rule 1.3, 5.5, or 8.1 is disbarment, we agree that the record reveals various, significant factors in mitigation, including that most of Brantley's violations involve improper or incomplete communication with her clients, that none of her actions appears to have caused her clients lasting harm, that all of her violations seem to be the result of negligence as opposed to wilful behavior, and most arose

7

at a time of great emotional stress and/or physical impairment. We further agree that Brantley has expressed genuine remorse for her behavior, that she has provided service to her community, both as an attorney and as a volunteer, and that she has taken significant steps to improve herself and her practice, resulting in no known client-based grievances since 2011.[4]

Id. at 735.

Here, unlike in 2016, we face a situation in which Brantley, having been disciplined on numerous prior occasions and while litigating misconduct that ultimately resulted in her suspension, willfully refused, without apparent explanation, to refund several thousand dollars in client fees; failed to appear at the subsequent fee arbitration hearing; and persisted in refusing to make any payment until after a Bar grievance was filed and a Formal Complaint was issued. Here, the misconduct occurred well after the time period during which the misconduct at issue in *Brantley I* occurred, and, unlike in *Brantley I*, Brantley has made no

---

[4] The record in *Brantley I* apparently contained no evidence of the grievance at issue here.

representations regarding any personal hardship that should be considered in mitigation in relation to this violation.

Furthermore, in addition to Brantley's considerable disciplinary history, there are significant aggravating factors present in this case. These factors include Brantley's initial refusal, in her answer to the Formal Complaint, to acknowledge the wrongful nature of her conduct; her initial denial, in that answer, of various statements of fact regarding her conduct that she now admits; and her failure to offer to pay the arbitration award until some 18 months after it was issued.

Conversely, Brantley has demonstrated little in the way of mitigation. The fact that she has made restitution carries no mitigating weight given that she did so only after the initiation of disciplinary proceedings. See *In the Matter of Hunt*, 304 Ga. 635, 641-642 (820 SE2d 716) (2018) (citing ABA Standard 9.4 (a), which provides that forced or compelled restitution is neither aggravating nor mitigating); *In the Matter of Thomson*, 266 Ga. 157, 158 (1) n.1 (464 SE2d 818) (1996) (restitution in response to court order was not

9

mitigating). And while Brantley also cites in mitigation that she "has cooperated with the State Bar" in submitting her petition and that she "expresses sincere remorse," these assertions ring somewhat hollow in the context of Brantley's lengthy delay in accepting responsibility for her misconduct here.

For these reasons, we conclude that Brantley's proposed discipline is insufficient. Accordingly, we reject Brantley's petition for voluntary discipline and remand for an evidentiary hearing. See *In the Matter of Veach*, 310 Ga. 470, 472 (851 SE2d 590) (2020) (noting Court's practice, when finding proposed discipline insufficient, of rejecting a petition for voluntary discipline rather than imposing a greater sanction).

*Petition for voluntary discipline rejected. All the Justices concur.*

Decided March 1, 2021.
Petition for voluntary discipline.
*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K.*

10

*Mittelman, James S. Lewis, Assistant General Counsel State Bar*, for State Bar of Georgia.