**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: November 19, 2024

S24Y1267, S24Y1268.  IN THE MATTER OF ESTON WILLIAM HOOD, JR. (two cases)

PER CURIAM.

These disciplinary matters are before the Court on the consolidated Report and Recommendation of the State Disciplinary Review Board, adopting the Report and Recommendation of Special Master Catherine Koura, and recommending that this Court accept the petition for voluntary discipline filed by Respondent Eston William Hood, Jr. (State Bar No. 940463), and suspend him from the practice of law for a period of one year for his misconduct in two client matters. We conclude that a one-year suspension is an insufficient sanction in light of Hood's admitted violations of several of the Georgia Rules of Professional Conduct ("GRPC"), see Bar Rule 4-102 (d), including admissions that he made false statements not

only to opposing counsel and courtroom personnel but also to the Bar. Nevertheless, because Hood is willing to accept a suspension of up to two years, we accept his petition for voluntary discipline, and we suspend Hood's license to practice law for a period of two years.

In 2021, the State Bar filed formal complaints in State Disciplinary Board Docket ("SDBD") Nos. 7407 and 7470 against Hood, who has been a member of the Georgia Bar since 2009. Hood acknowledged service of both formal complaints and filed timely answers in both matters. Then, in September 2023, after engaging in negotiations with the Bar, Hood filed a petition for voluntary discipline[1] addressing both cases, admitting that he committed some of the Rule violations alleged in the formal complaints, but denying others; requesting a six-month suspension for his conduct; but asserting that he was willing to accept a suspension between six months and two years. The Bar responded, addressing only the Rule violations admitted by Hood, raising no objections to the petition,

---

[1] Hood later amended his petition for voluntary discipline solely to include one inadvertently omitted character reference.

and arguing that Hood's law license should be suspended for a period of time ranging between six months and two years.

With regard to SDBD 7407,[2] the following facts are established by the record. In late 2018 or early 2019, Hood agreed to represent a client against whom a default judgment, totaling $5,710, had been entered in DeKalb County Magistrate Court in favor of the client's former tenant, who was attempting to recover her security deposit. Prior to retaining Hood, the landlord client had submitted a letter to the court, which the court treated as a motion to set aside the default judgment and set a hearing on the motion for February 28, 2019. Although Hood was aware on February 28, 2019, that his law license had been suspended for failure to respond to the State Bar's notice of investigation in an unrelated matter,[3] he appeared with the client at the courthouse on that day. When asked by the tenant's counsel outside of the courtroom whether he represented the

[2] SDBD No. 7407 corresponds to Case No. S24Y1267.

[3] In Case No. S19Y0653, this Court suspended Hood from January 18, 2019, until March 4, 2019, because of his failure to file an adequate response to a notice of investigation related to State Disciplinary Board File No. 180108.

3

landlord, he responded vaguely and did not tell opposing counsel of his suspension. Instead, he abruptly left the courthouse after falsely advising the tenant's counsel and a courtroom deputy that he had a family emergency. On March 4, 2019, this Court lifted the suspension and reinstated Hood to the practice of law. Two days later, Hood filed an entry of an appearance and filed an answer and counterclaim, even though default judgment had already been entered against his client.

Shortly after Hood filed his entry of appearance, the tenant's counsel filed a grievance with the State Bar. In Hood's written response to the grievance, he reasserted that he left the February 28 hearing due to a "family emergency" and submitted a "work/school excuse letter" from a hospital, stating that Hood was seen and treated in the hospital's emergency department on April 7, 2019, and could return to work on April 9, 2019. The letter did not reference either February 28, 2019, or any emergency that occurred on that date.

In the meantime, on May 2, 2019, the magistrate court issued its written order, denying the motion to set aside for failure to establish a statutory basis for doing so. Hood sought to appeal that order to superior court by filing a petition for writ of certiorari. However, the superior court dismissed the petition and imposed an award of attorney fees against Hood for $5,351.60, based on Hood's "substantially frivolous" filing. Hood's effort to challenge that order by filing a motion for new trial was also unsuccessful and resulted in the imposition of additional fees against Hood.[4]

---

[4] In connection with Hood's attempts to challenge the orders of the magistrate and superior courts, the State Bar charged Hood with violating Rule 3.1, which provides that a lawyer shall not knowingly advance claims or defenses that are unwarranted under existing law. Although Hood argued in his petition for voluntary discipline that his filings were not frivolous and that he had not violated Rule 3.1, the Special Master concluded that Hood did violate Rule 3.1. Because we are considering this matter on Hood's petition for voluntary discipline and the maximum sanction for a violation of Rule 3.1 is a public reprimand and would not ultimately change the level of discipline to be imposed, we have not considered any Rule 3.1 violation in our analysis.

In his petition for voluntary discipline, Hood admitted that by this conduct he violated Rules 5.5 (a),[5] 8.1 (a),[6] and 8.4 (a) (4)[7] of the GRPC, all of which carry a maximum penalty of disbarment. The Special Master agreed, concluding that Hood violated Rule 5.5 (a) by appearing in court with his client while his law license had been suspended and by failing to advise all relevant parties of his suspension; that he violated Rule 8.1 (a) by falsely claiming in his response to the grievance that he had left court due to a family emergency and by submitting false evidence in support of that claim; and that he violated Rule 8.4 (a) (4) by misrepresenting to the tenant's counsel and courtroom personnel the reason for his abrupt departure from court and by failing to notify them of his suspension.

---

[5] Rule 5.5 (a) provides that "[a] lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so."

[6] Rule 8.1 (a) provides, in relevant part, that "a lawyer . . . in connection with a disciplinary matter, shall not: (a) *knowingly* make a false statement of material fact." (emphasis supplied).

[7] Rule 8.4 (a) (4) provides that "[i]t shall be a violation of the [GRPC] for a lawyer to . . . engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation."

With regard to SDBD No. 7470,[8] the record shows the following. In 2015, Hood was retained to represent a client that had filed, through other counsel, a lawsuit against three defendants in Cobb County related to the foreclosure of real property. After the original attorney withdrew, Hood entered an appearance in January 2015. The sole hearing scheduled in the matter after Hood entered his appearance was an August 24, 2015 hearing related to a motion for summary judgment filed by one defendant. Hood was notified of the hearing but did not file a conflict letter or seek a continuance, and neither he nor his client attended the hearing. On August 27, 2015, the trial court granted the defendant's motion for summary judgment and subsequently granted the other defendants' motions to dismiss, thereby concluding the lawsuit.

When Hood's client learned that Hood had not appeared at the hearing and that his lawsuit had been dismissed, he filed a grievance against Hood. In Hood's response to the grievance, he

---

[8] SDBD No. 7470 corresponds to Case No. S24Y1268.

7

represented that there had been multiple hearings held in the matter and that he had attended each of those hearings. In his petition for voluntary discipline, Hood admitted that his response to the grievance was contrary to the record in the civil action, which showed that the summary judgment hearing was the only hearing scheduled during the time that Hood represented the client. Hood also admitted that he failed to timely respond to the notice of investigation issued by the Bar with respect to this matter.[9]

In his petition for voluntary discipline, Hood admitted that by this conduct he violated Rules 1.3,[10] 8.l (a), and 9.3[11] of the GRPC.[12]

---

[9] As a result of his failure to respond, this Court suspended Hood's law license on June 26, 2020. That suspension, Hood's second for failing to respond to a notice of investigation, was lifted on July 28, 2020. See Case No. S20Y1361.

[10] Rule 1.3 provides that a "lawyer shall act with reasonable diligence and promptness in representing a client. Reasonable diligence as used in this rule means that a lawyer shall not without just cause to the detriment of the client in effect willfully abandon or willfully disregard a legal matter entrusted to the lawyer."

[11] Rule 9.3 provides that "[d]uring the investigation of a matter pursuant to these Rules, the lawyer complained against shall respond to disciplinary authorities in accordance with State Bar Rules."

[12] As both the Bar and the Special Master focused solely on the admitted violations and as the charged but unadmitted Rules violations would not substantively change the level of discipline to be imposed, we once again have not considered any of the unadmitted Rules violations in our analysis.

The maximum penalty for a violation of Rule 9.3 is a public reprimand, while the maximum penalty for a violation of Rules 1.3 and 8.1 (a) is disbarment. The Special Master agreed that Hood violated these Rules, concluding that Hood violated Rule 1.3 by failing to attend the scheduled oral argument and by willfully disregarding the case; that he violated Rule 8.1 (a) by misrepresenting to the Bar that he attended multiple hearings in his client's case; and that he violated Rule 9.3 by failing to respond to the notice of investigation.

In addressing the proper level of discipline for the violations in both cases, the Special Master correctly noted that this Court generally looks to the American Bar Association's Standards for Imposing Lawyer Sanctions ("ABA Standards") to provide "guidance in determining the appropriate sanction" in lawyer disciplinary cases. *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996). The ABA Standards recommend consideration of the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating

9

or mitigating factors. In considering these factors, the Special Master concluded that Hood violated the duty he owed to his clients, the public, and the legal system, as well as the duty he owed as a professional. See ABA Standards 4.4 (lack of diligence), 5.1 (failure to maintain personal integrity), 6.1 (false statements, fraud, and misrepresentations), and 7.1 (addressing in part, the unauthorized practice of law). Further, the Special Master concluded that Hood violated his duty to his clients either knowingly or negligently and that the remainder of his violations were knowingly or intentionally committed. The Special Master further determined that Hood's violations caused actual harm to his clients, the courts, and the public; that Hood's violations of Rules 8.1 (a) and 8.4 (a) (4) demonstrated a lack of integrity; and that his violation of Rule 1.3 was properly considered to be the abandonment of a client.

In considering aggravating and mitigating circumstances, the Special Master determined that the following factors applied in aggravation: prior disciplinary history, in that, in 2019, Hood received a Formal Letter of Admonition, a form of confidential

discipline, for violations of Rules 1.3 and 1.4 that involved allegations similar to those raised herein;[13] multiple offenses, because this matter involves two grievances; and substantial experience in the practice of law.[14] See ABA Standard 9.22 (a), (d), and (i).[15] In mitigation, the Special Master determined that Hood's

---

[13] The Special Master explained that the confidential discipline was imposed because Hood delayed the deposition of his client; dismissed his client's case without prejudice and then refiled it to avoid a sanction; failed to notify his client of his actions; failed to perfect proper service, which resulted in his client's case being dismissed; failed to inform his client of the dismissal; and after the client hired new counsel, failed to respond to client's request to obtain her file. See Bar Rule 4-208 (waiving the confidentiality of confidential discipline in the event of a subsequent disciplinary proceeding and allowing that information to be used in aggravation of discipline).

[14] At the time of the misconduct, Hood had been practicing law at least six years. See *In the Matter of York*, 318 Ga. 784, 787 (900 SE2d 614) (2024) (noting application of ABA Standard 9.22 (i) where attorney had been practicing for six years at the time of the misconduct).

[15] The Special Master also determined that ABA Standard 9.22 (j) (indifference to making restitution) applied because Hood's landlord client had to pay significant sanctions and fees based on Hood's filings and the record contained no evidence to demonstrate that Hood reimbursed her. However, our review of the record shows that the sanctions imposed for Hood's frivolous filings were imposed only on Hood. Accordingly, we do not consider this factor in aggravation. The Special Master further concluded that ABA Standards 9.22 (b) (dishonest or selfish motives), 9.22 (e) (bad-faith obstruction of the disciplinary proceeding), and 9.22 (f) (submission of false statements during the disciplinary process) applied in aggravation. The application of each of these aggravating factors was based on the false statements that Hood admittedly made to the Bar, opposing counsel, and court officers — which also formed the basis for several of the violations of the GRPC that he admits

11

good character was a mitigating factor, relying on eight letters from lawyers, elected officials, and Hood's friends, who each attest to Hood's general good character. See ABA Standard 9.32 (g).[16]

The Special Master noted that this Court has suspended and disbarred attorneys who have committed violations similar to the ones Hood has admitted to committing. See *In the Matter of Iwu*, 303 Ga. 539, 540-541 (813 SE2d 336) (2018) (accepting petition for voluntary discipline and imposing a three-year suspension where attorney, with no prior disciplinary history, practiced law while ineligible to do so and then made false statements to the Bar during the disciplinary process); *In the Matter of Brantley*, 299 Ga. 732, 735

herein. However, we do not consider these three factors in aggravation of discipline because this Court generally declines to rely on conduct in aggravation of discipline when the same specific conduct is also charged as a violation of the GRPC. See, e.g., *In the Matter of Cleveland*, 317 Ga. 515, 518 n.13 (893 SE2d 692) (2023); *In the Matter of Eddings*, 314 Ga. 409, 418 n.3 (877 SE2d 248) (2022).

[16] The Special Master also determined that ABA Standard 9.32 (d) (good-faith effort to make restitution) applied in mitigation because, in 2023, Hood fully refunded the attorney fee and filing fee to his client in SDBD No. 7470. But we decline to apply this mitigating factor because Hood did not make the reimbursement until long after the disciplinary process began. See *In the Matter of Brantley*, 311 Ga. 61, 65 (855 SE2d 625) (2021) ("The fact that [an attorney] has made restitution carries no mitigating weight given that she did so only after the initiation of disciplinary proceedings.").

12

(791 SE2d 783) (2016) (imposing 180-day suspension with conditions for reinstatement for violations of various Rules including 5.5 (a), 8.1 (a), and 9.3 in connection with five disciplinary matters where there were significant factors in mitigation); *In the Matter of Favors*, 283 Ga. 588, 588-589 (662 SE2d 119) (2008) (accepting petition for voluntary discipline and imposing three-year suspension where attorney, with no prior disciplinary history, converted client funds and made false statements to her client and the Bar). After weighing all the various factors, the Special Master concluded that Hood's violations of Rules 1.3, 5.5 (a), 8.1 (a), 8.4 (a) (4), and 9.3 warranted a one-year suspension of his license to practice law.

Hood timely filed exceptions to the Report and Recommendation of the Special Master. In his exceptions, Hood specifically "stipulated and agreed" that his petition for voluntary discipline "remains of full force and effect in the event the Georgia Supreme Court ultimately impose[s] a discipline in the range of a suspension between six-months to two-years." The State Bar filed a response in opposition and recommended the imposition of a one-

13

year suspension. The Review Board concluded that the Special Master's findings of fact and conclusions of law were supported by the record, and it agreed with the Special Master's findings and conclusions related to the application of the framework for analyzing disciplinary matters and related to the level of discipline to be imposed. Accordingly, the Review Board recommended that Hood be suspended from the practice of law for a period of one year. Neither Hood nor the Bar filed exceptions in this Court. Moreover, Hood filed an express waiver of his right to file exceptions to the Review Board's Report and Recommendation.

We have carefully reviewed the entire record in this case and conclude that a one-year suspension is an insufficient level of discipline under the facts of this case. This Court has repeatedly recognized that "[m]aking false statements to the Bar during the disciplinary process is a very serious matter which typically results in, at least, a significant suspension from the practice of law." *Iwu*, 303 Ga. at 540-541 (citation omitted). See also *In the Matter of O'Brien-Carriman*, 291 Ga. 27, 27-29 (727 SE2d 93) (2012)

14

(accepting petition for voluntary discipline, imposing 18-month suspension for sharing fees with non-lawyer and making false statements in disciplinary process, where lawyer had no prior disciplinary record, there was no harm to lawyer's clients, and there were significant mitigating factors; we noted that we rejected initial petition for voluntary discipline that sought three-month suspension, in part because such a sanction was insufficient in light of false statements); *In the Matter of Shehane*, 276 Ga. 168, 169-170 (575 SE2d 503) (2003) (disbarring lawyer who abandoned a client; made misrepresentations to the client; and made false representations and submitted fabricated documents to the Bar during disciplinary proceedings; we noted that we had rejected petition for voluntary discipline that sought one-year suspension and explained that "[m]aking deliberate statements of falsehood . . . to the investigative process established by this Court to aid in the regulation of the practice of law in Georgia is not tolerated").

By virtue of his admission that he violated Rule 8.1 (a) in both SDBD Nos. 7407 and 7470, Hood has admitted that he *knowingly*

15

made false statements to the Bar in his responses to *two separate disciplinary matters*. And, in addition, he admitted to violating Rule 8.4 (a) (4), which also involves engaging in professional conduct involving dishonesty, deceit, or misrepresentation. This pattern of misconduct warrants a sanction more significant than a one-year suspension, particularly where Hood has a prior disciplinary history. Nevertheless, Hood has agreed to a suspension of up to two years, and we conclude that a two-year suspension is necessary in this case to discipline Hood for his professional misconduct, deter other attorneys from engaging in similar misconduct, and inform the public that the courts will maintain the ethics of the profession. See *In the Matter of Breault*, 318 Ga. 127, 136 (897 SE2d 385) (2024) ("The sanction imposed for disciplinary infractions should be one that is sufficient to penalize the offender for his wrongdoing, deter other attorneys from engaging in similar behavior, and inform the general public that the courts will maintain the ethics of the profession.").

Accordingly, it is ordered that Eston William Hood, Jr., be suspended from the practice of law for two years. The suspension based on this opinion will take effect as of the date this opinion is issued and will expire by its own terms two years later. Because there are no conditions on Hood's reinstatement other than the passage of time, there is no need for Hood to take any action either through the State Bar or through this Court to effectuate his return to the practice of law. Hood is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Petition for voluntary discipline accepted; two-year suspension. All the Justices concur.*